The opinion of the Court was now delivered by
Smith, C. J.
As to the first point.
The executor has a right to retain articles specifically devised or bequeathed, and much more to refuse payment of pecuniary legacies, till the sufficiency of the estate is ascertained. If, in this case, the debts and charges had not been liquidated and ascertained, this action could not be maintained. But if we take it for granted that this has been done, then it is clear an action at law to recover this pecuniary legacy lies here, though it does not in England. Our probate courts cannot enforce the payment of a legacy; but the legatees, who have an interest in the estate after the debts and charges paid, can compel the executor to settle his account in the probate courts, in which he will be charged with all the estate which has come to his hands, and credited with the charges of administration, and debts paid, (a) As the executor in this case has not objected to the sufficiency of the estate, we will take it for granted that all this has been done. (b)
*124 On the second point there is as little room to doubt. This is a vested legacy. A legacy may be vested before it is payable ; it is then debitum in presentí, solvendum in futuro ; 3 Woodes. 512; 1 Manuscript on Descent, &c., 269, 271, &c. The words of this will are, “ 1 give my son, Thomas Baker, 1333.34, to be paid him in three years after my decease.” Here the time is not annexed to the substance of the gift as a condition precedent, as it would have been if the words had been, “ I give-my son, Thomas Baker, $333.34 if he live three years from and after my decease,” or “ if he arrive at the age of twenty-one,” or “ if he marry,” or “ when he marries,” &c. It does not appear to have been the intention of the testator, Otis Baker, that Thomas should only have the legacy in the event of his living three years after Otis Baker’s death. He provides a fund oat of which the legacy shall be paid, and devises the residue of that fund. The Courts formerly, as it respects this question, adopted overstrained and nice distinctions. But this is a clear case by the English rules of construction. Our law is still' more favorable to the devisee, and against lapsed legacies. It provides that in case of devisee dying before testator, his lineal descendants shall take. It would be absurd to say that, dying after, the legacy should lapse.[1]
. Judgment for plaintiff; $340 damages, being the damages assessed by the jury.
[Exteact from THE Opinion op Smith, C. J., in Patterson v. Carnes, Rockingham, February Term, 1809; an Action of Debt to recover a Legacy of a Devisee of Real Estate on which the Legacy was charged.]
Debt lies for this legacy, not against the executor of M. L., but against the devisee of the land charged with the payment.
The Province Law, 13 Anne, ed. 1771, 46, (a) gives an *125 action for a certain legacy, or one made certain by the executor’s account. The law must have been so in this State before that act was passed, and continued to be so after it was repealed.
It is said by IIolt, C. J., in Ewer v. Jones, 2 Ld. Raym. 987, that a devisee may maintain an action at common la\v, against the terre-tenant, for a legacy devised out of land : where a statute gives a man a right, he shall have an action to recover it. 6 Mod. 26 ; 2 Salk. 415 ; Cowp. 291. This is clearly so in this State. It seems improper, in this case, to talk about defendant’s assent. It is an executor that assents. Defendant is sued, not as executor, but as devisee. This devisee doubtless might have declined the devise on the terms offered. Here he has not declined, but accepted. I lay out of the case the evidence of Moore and Clark as unnecessary. The act of entry and occupation is sufficient evidence of assent or acceptance to charge defendant. 4 G. Bacon, 444.
It has been said that an action cannot be maintained for a legacy till it appears that the debts and prior legacies are paid, or at least that there is estate enough to pay all debts, charges, prior legacies, and the present one. If this action were against the defendant as executor, it would be true that, if express assent to the legacy be not proved, but the plaintiff relies on an implied promise, before defendant executor can be charged, it must appear that there is estate enough to satisfy all prior claims, or, which is the same thing, that there is estate to satisfy the legacy demanded. Till this is made to appear, no promise is implied by law to pay, and the legacy is not a debt due from executor. And this can only be shown by express assent or promise to pay the legacy in question, or proceedings in the Probate Court, whereby the facts just stated are made manifestly to appear. This is the best evidence, and I think the only admissible evidence, of the fact. But, in the present case, Carnes did not enter upon this estate *126 as executor, but as devisee. His entry is an acceptance of the devise with the charges upon it, and binds him.[1]
[Extract from Manuscript Treatise on Probate Law.]
It is said that the legatee can, in the spiritual court, under certain circumstances, compel the executor to assent. This is inaccurate.. The assent is a voluntary act of the executor. But the legatee can compel the executor to account in the spiritual court, whereby it will appear whether it is necessary for him to retain the chattel bequeathed, or not. When it appears that no such necessity exists, this is equivalent to assent; because the legatee may thereupon sue for it. 4 G. Bacon, 444, n.; Com. Dig. Ch. 8 g. 4; Adm. c. 3.
The same thing may be done here in the Probate Court, as far as respects accounting.
Perhaps it would be more correct to say that the executor has a right to retain chattels specifically bequeathed till he voluntarily conseots to part with them, or till such proceedings are had in the Probate Court as clearly demonstrate that he has no right to detain them from the legatees, (a)
This cannot be done in many cases till the expiration of three years, the time limited for bringing in claims against the estate ; or until the claims are liquidated by proceedings in the insolvent course of administration. 3 Woodes. 143, 144, 507 ; 4 Burn, 332; Com. Dig. Ch. 3 g. 3.
It is very clear that no suit for a legacy can be maintained till the expiration of one year from the time of proving the will or taking out letters of administration. It must, I think, be equally clear that it cannot be maintained in a court of law till the settlement of the administration account. (b) A jury *127 are wholly incompetent to try the amount of debts due, charges of administration, and the amount of estate for which the executor is accountable.[1]

 And from this account it will appear whether the estate is sufficient to pay the legacies. Ho action can be maintained to recover a legacy till the executor has settled such an account, except he makes himself liable by an express undertaking, which is not pretended in this case.

 See 1 Manuscript on Descent, &c., 632-634, 673.
2 Salk. 415. In England, ejectment lies for a chattel real bequeathed after assent of executor. 3 East, 120.
In this ease no assent is stated. The ground of this action is the implied promise arising from the sufficiency of estate ascertained in duo course of law.

 This statute enacts, “ That where any certain legacy is or shall he bequeathed or given by any person, in his or her last will and testament; *125 as also where any residuary or uncertain legacy is, or shall by the accompt oí any executor he, reduced to a certainty, every such legacy or,legacies, as aforesaid, may be sued for, and recovered at the common law, any law, usage, or custom to the contrary notwithstanding.”

 Upon the second point in this, case, the decision is sustained by Brown v. Brown, 1862, 44 N. H. 281; and Felton v. Sawyer, 1860, 41 N. H. 202.

 And these proceedings prove an implied assent.

 Or perhaps till executor has refused on citation to settle account, in which case assets shall he deemed sufficient.*

 As to proceedings to recover legacies charged upon land, see Piper v. Piper, 1822, 2 N. H. 489; Pickering v. Pickering, 1833, 6 N. H. 120; Veazey v. Whitehouse, 1839, 10 N. H. 409; Pickering v. Pickering, 1844, 15 N. H. 281; Smith v. Jewett, 1860, 40 N. H. 530; Wiggin v. Wiggin, 1862, 43 N. H. 561.

 See Gookin v. Hoit, 1826, 3 N. H. 392.

 In the following cases in this State, where suits at law or bills in equity have been maintained by legatees against executors, the question whether the sufficiency of the assets, if disputed, can be proved in any other manner than by the proceedings in the Probate Court, was not directly decided. In Hill v. Rockingham Bank, 1863, 41 N. H. 567, the allegations of the bill, that the estate had been duly settled, &c., were admitted by the demurrer. In Congregational Society v. Hatch, 1869, 48 N. H. 393, the sufficiency of the assets was impliedly admitted by the pleadings. In Brown v. Brown, 1862, 44 N. H. 281, the defendant had given bond to pay debts and legacies. In Felton v. Sawyer, 1860, 41 N. H. 202, the executor had settled his account in the Probate Court, and had made partial payments to the beneficiary. In Payne v. Smith, 1841, 12 N. H. 34, there was no objection on the ground of want of assets, and there was evidence on which the jury might have found an admission of assets on the part of the executor.
In some States, the remedy at law, against an executor, for a legacy, is a subject of statute regulation.